UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUDENT DOE,<br><br>            Plaintiff,<br><br>    v.<br><br>MERCER ISLAND SCHOOL DISTRICT NO. 400, et. al,<br><br>            Defendants. | CASE NO. C06-395JLR<br><br>ORDER |

### I. INTRODUCTION

This matter comes before the court on Plaintiff Student Doe's motion for a protective order (Dkt. # 31) to prevent Defendants (collectively, "the District") from obtaining his mental health records. Doe further requests that the court order the District to remove an exhibit (Dkt. # 19) from the docket and refile it under seal. The court has considered the papers filed in connection with this motion and finds the matter appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS in part and DENIES in part Doe's motion.

ORDER – 1

## II.   BACKGROUND & ANALYSIS

This action stems from the District's decision to expel seventh-grader Doe from school. At the time, the District believed that Doe posed a potential danger to other students. Doe sued the District alleging violation of his federal due process and privacy rights, as well as his right to an equal education under the state constitution.

### A.   Protective Order Regarding Mental Health Records

Not long before his expulsion, Doe began seeing a psychiatrist, Justin Mohatt. The District seeks disclosure of Dr. Mohatt's records in hopes that the doctor's notes will provide hindsight justification for the District's decision. Opp'n at 3 ("Doe's psychiatrist's records may establish that what the District knew about Doe's behavior was simply the tip of the iceberg."). Doe moves for a protective order on the basis that his confidential communications with Dr. Mohatt are protected by the patient-psychotherapist privilege.

The court concludes that the patient-psychotherapist privilege protects Doe's communications with his therapist, Dr. Mohatt.[1] See Jaffe v. Redmond, 518 U.S. 1, 15 (1996).[2] The court disagrees with the District that by bringing this lawsuit, Doe has waived the privilege by putting his mental condition at issue. Doe has not alleged a specific psychiatric injury and has dropped his emotional damages claims. See Fitzgerald v. Cassil, 216 F.R.D. 632, 639-40 (N.D. Cal. 2003) (construing waiver narrowly in civil rights context and finding that garden variety claim of emotional distress did not constitute waiver). Moreover, Doe's suit challenges the reasonableness of the District's

---

[1] The court clarifies that the privilege does not extend to the mere fact that communication took place, the dates of the visits, or the general purpose of the treatment. See In Re Zuniga, 714 F.2d 632, 640 (6th Cir. 1983).

[2] Because Doe sues in federal court on a federal question claim, the court applies federal privilege law. See Fed. R. Evid. 501; Religious Tech. Center v. Wollersheim, 971 F.2d 364, 367 n. 10 (9th Cir. 1992).

ORDER – 2

decision to expel him.  If any mental condition is relevant, it is the state-of-mind of the District decision-makers at the time of expulsion.

**B.     Motion to Seal**

Doe seeks a court order directing the District to refile one of its already redacted exhibits under seal.  The District states its willingness to do so.  The court nevertheless denies Doe's request.  Doe appears to have the mistaken belief that the court should honor a prior verbal agreement between the parties to file sensitive documents under seal.  Doe is mistaken.  To obtain a court order to seal documents, the local rules require the movant to make a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review."  Local Rules W.D. Wash. CR 5(g)(1).  Here, the exhibit in question is a police report that the District filed as Exhibit A in support of its summary judgment motion.  Because the District has redacted the names of the individuals involved as well as other identifying information, the court finds no compelling justification for requiring the District to file the report under seal.  The court denies Doe's request and instructs the parties to consult the local rules in the future.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part Doe's motion for a protective order (Dkt. # 31).  The court directs the clerk to keep Exhibit A to the declaration of Diana Blakney (Dkt. # 18) under seal; the redacted version of that document (Dkt. # 19) should remain on the docket as posted.

Dated this 20th day of November, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 3